Woodworth, J.
(After stating the facts.) The question is, to what relief was the appellant entitled 1 There can be no doubt, that, had he applied either to the supreme court or the court of chancery, they would have directed the execution of Kimberly to be levied on the property of Yanderheyden, not including the two lots. When that property was exhausted, and found not sufficient to satisfy the execution, then and not till then, should the lots conveyed to the appellant have been sold to make up the deficiency. [1] This is a clear principle of equity, established *427 by all the authorities ; and approves itself to the plainest suggestions , of natural justice. Had this course been pursued, the appellant would not have been divested of his title, as there cannot be a doubt that the residue of the property would have been more than sufficient to satisfy the execution, after making every allowance for prior encumbrances, and the voluntary or fraudulent conveyances suggested in the answer. The appellant, however, did not protect himself, as he might have done. The cause for not doing it is at present immaterial. The omission has subjected him to the surrender of some rights. Having stood by and seen the legal title divested by the sale, he cannot claim from the purchaser a reconveyance of the lots, provided the title has passed bona fide, and for valuable consideration, into other hands; [1] nor will equity allow him to reap the benefit of valuable improvements made on the lots subsequent to the sale, and prior to the assertion of his claim, [2] As to one of the lots, it appears to have been contracted to Mrs. Vanderheyden, the widow, in extinguishment of her claims of dower. It is also to be inferred from the testimony of Stephen Ross, that improvements had been made. The relief, then, of the ^appellant, if any, must be confined to a compensation in damages for the value of the property.
. It seems to be conceded that the appellant is entitled to some compensation. The decree proceeds upon this basis. It was not denied by the counsel on the argument of the cause. It seems to me, the principle being conceded, that these lots ought not to have been sold until the other property was exhausted, establishes the right to ample remu *428 neration. The laches or delay of the appellant, do not extinguish or lessen his claim to satisfaction. The consequence resulting, from his course, is to confine his remedy to a particular channel. He cannot compel a conveyance of his lots; but must rest satisfied with such compensation as the law allows.
In the court below the material question seems to have-been, whether the sum bid at the sheriff’s sale, 650 dollars, wras in this case to be considered as the proper measure of damages. If the inquiry be, what is a just compensation for the value of the lots, and that I apprehend, is the proper subject of inquiry, then it must appear obvious' that the amount bid at the sherifl’s sale is a very unsatisfactory standard; and particularly in cases that occurred before the redemption act, when perhaps, in nine cases out of ten, the purchases were made greatly below the real value. It is enough that such a result was probable, and as matter of history may be considered of daily occurrence. Why then should such a fallible and erring standard be assumed, as a means to ascertain value ? It may, perchance, be right in a solitary instance; and if it happens to be so, unless there is other proof, it must be accidental. No man is bound to accept justice measured out to him by conjecture, when the fact necessary to be known is susceptible of ascertainment and proof by explicit testimony.
In the case before us, the evidence, such as it is, goes rather to show that 650 dollars was not the value. The respondents admit the lots were worth 1200 dollars, if the title had been clear. I have not discovered any evidence that the title was encumbered, except by the judgment of Jacob D. *Vanderheyden and the mortgage of Le'vinus Lansing. No proof was introduced to show voluntary and fraudulent conveyances, which, if they had existed, might have caused trouble and expense in getting rid of them. The prior encumbrances, theh,- although valid, were, m reality, harmless, when there was property estimated at 20,000 dollars from which those encumbrances might have been satisfied. I think the evidence though not full on the point, goes strongly to show that the sum bid is not a just test of *429 Value; and. although this evidence may not warrant a cor* rect conclusion as to the value of the lots, it affords sufficient ground for saying that the 650 dollars bid is much less than the value of the lots.
I am, therefore, of opinion, that so much of his honour the late chancellor’s decree as directs the amount of the sale on the execution of Kimberly, being 650 dollars to be refunded, with interest, be reversed, and that it be referred to one of the masters of the court of chancery, to report what were the amount of encumbrances chargeable on the real estate of Jacob I. Vanderheyden, due prior to the 10th day of December, 1810; and what was the value of his real estate (not including the two lots) on which the encumbrances were a lien, on the 12th day of March, 1813, and what was the value of the lots on that day. And if, on the confirmation of the report, it shall appear that his real estate, (not including the two lots) was ample to discharge and satisfy all encumbrances prior to the 10th of September, 1810, then that a decree be entered in favor of the appellant, for the amount of the value of the two lots as reported by the master, with interest on that sum from the 12th day of March, 1813.
Savage, Ch. J. concurred.
Sutherland, J., not having heard the argument, gave no opinion.
Burrows, Crary, Dayan, Ellsworth, Enos, Haight, Hart, Jordan, Lake, McCarty, McMartin, Nelson,
Smith, Stebbins, Waterman and Woodward, Senators, concurred.
For affirmance—Gardner, McCall and Oliver, Senators.
"Whereupon, It was ordered, adjudged and decreed as follows: “ That so much of the decree of the court of chancery as directs the amount of the sale on the execution of Kimberly against Vanderheyden, being $650, to be *430 refunded with interest, be reversed: and that it be referred to one of the masters of the court of chancery, to report the amount htmájide due on the judgments and mortgages constituting alien on the real estate of Jacob L Vaiiderltey* den, prior to the 10th day of September, 1810, and what Was the value of the said real estate, (not including lots 241 and 242,) on the 12th of Mareh, I8l3 ; aild further, that the said master report the value of the said two lots on the day last mentioned; and if, on the confirmation of said report, it shall appear that the real estate of the said Vandorheyden, not including the said two lots, Was sufficient to discharge and satisfy all incumbrances prior to the said 10th day of September, 1810, then that a decree be entered in faVOr of the appellant for the amount of the value of the said two lots, as-reported by the master, With interest from the 12'th Of Mareh, 18l3, With costs in the court of chanceryi And it is further adjudged and decreed, that in making the said report, the master shall credit and deduct from the amount of Value of said lots, such sum or sums as shall appear to have been paid to the appellant, on the decree of the court of chancery in this cause J and that the proceedings be remitted,” dec.

 James v. Hubbard, 1 Page, 238, Guion v. Knapp, 6 id. 39. Eddy v. Treaver, id. 521. Gill v. Lyon, 1 John. Ch. 447.

 Storrs v. Barker, 6 John, Ch. 167. Wendell v. Van Rensselaer, 1 id. 354. Courts of Law in England act on similar equitable principles in regard to personal property. See Heane v. Rogers, 9 B. & Cres. 586. Graves v. Key, 3 Barn. & Adol. 318, note a. Pickard v. Sears, 6 Adol. & Ellis 474.

 If the real owner is allowed to reap such benefit, a full compensation for all such improvements must first be made. Pillage v. Armatage, 12 Ves. 84, 85. And Courts of Equity, sometimes, have obliged the real owner to permit the person making the improvements on the property to enjoy it without disturbance. East India Co. v. Vincent, 2 Atk. 83. Davor v. Spurrier, 7 Ves. 231, 5. Jackson v. Cator, 5 Ves. 688. Storrs v. Barker, 6 John. Ch. 168